IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ESSEX INSURANCE COMPANY,**                          **PLAINTIFF,**

VS.                                          **CIVIL ACTION NO. 4:05CV106-P-B**

**GREENVILLE CONVALESCENT HOME, INC.;
BONNIE HATTEN, and EARNESTINE WYATT,
ON BEHALF OF THE ESTATE AND WRONGFUL
DEATH BENEFICIARIES OF CORILOUS
WILLIAMS,**                              **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendant Earnestine Wyatt's Objection to Magistrate's Stay Order [20-1], Plaintiff's Motion to Strike Earnestine Wyatt's Objection to the Magistrate's Stay Order [21-1], and the Plaintiff's Motion to Strike Earnestine Wyatt's Appeal of Magistrate Judge's Decision [22-1]. Upon due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

In this declaratory action filed by Essex Insurance Company to determine whether it must defend and indemnify Greenville Convalescent Home, Inc. in an underlying state action filed by Earnestine Wyatt, Magistrate Judge Eugene Bogen ordered on September 21, 2005 that Essex must file a motion for summary judgment within thirty days "on the issue whether it is obligated under the policies it issued to Greenville Convalescent Home to defend and indemnify said defendant in a tort action pending in Washington County Circuit Court" and that all other proceedings in this case are stayed.

Earnestine Wyatt, defendant in this action, filed an objection (later designated on the docket by the Clerk's Office as an appeal) to Judge Bogen's Order before the undersigned, asking that the

1

stay be vacated in order to allow Wyatt discovery. Essex filed motions to strike both the objection and appeal, arguing that the objection is premature because they have not yet filed the motion for summary judgment and that discovery is unnecessary with respect to Wyatt because the issue is one of law between Essex and Greenville Convalescent Home. Essex also argues that the objection/appeal should be overruled or the motions to strike should be granted because Wyatt failed to file an affidavit required by Federal Rule of Civil Procedure 56(f).

According to Essex, Wyatt did not discuss her desire to conduct discovery during the Telephonic Case Management Conference between the parties and Judge Bogen, which resulted in the aforesaid Order.

Federal Rule of Civil Procedure 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions be taken or discovery to be had or makes such other order as is just.

"The purpose of Rule 56(f) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992), *cert. denied*, 508 U.S. 910 (1993). "Although it is preferred that non-movants present an affidavit to support a continuance of discovery, there is no stringent procedure that will bar litigants access to further discovery. In order to trigger the rule, non-movants need only submit an 'equivalent preferably in writing' that conveys the need for additional discovery." *Id.*

The three general requirements under Rule 56(f) are "(i) requesting extended discovery prior to the court's ruling on summary judgment; (ii) put the trial court on notice that further discovery

pertaining to summary judgment is being sought; and (iii) demonstrating to the trial court specifically how the requested discovery pertains to the pending motion." *Id*. "It is clear that the non-moving party may not rely on vague assertions that discovery will produce some unrelated unspecified fact." *Id*.

The court concludes that Wyatt has not adequately demonstrated how the requested discovery pertains to the pending motion. This is especially true given that the actual motion for summary judgment has not yet been filed and because the issue at hand is one of law and pertains primarily to Greenville Convalescent Home and its insurance company. Thus, because Wyatt has not shown that the Magistrate Judge's ruling was clearly erroneous or contrary to law, her objection/appeal should be overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1)   Defendant Earnestine Wyatt's Objection to Magistrate's Stay Order [20-1] is hereby **OVERRULED**;

(2)  Plaintiff's Motion to Strike Earnestine Wyatt's Objection to the Magistrate's Stay Order [21-1] is **DENIED**; and

(3)  Plaintiff's Motion to Strike Earnestine Wyatt's Appeal of Magistrate Judge's Decision [22-1] is **DENIED**.

**SO ORDERED** this the 26th day of October, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE